RENA MCDONALD, ESQ.
Nevada Bar No. 8852
**ECLIPSE LAW GROUP**
203 S. Water Street, Suite 300
Henderson, NV 89015
Telephone: (702) 448-4962
Facsimile: (702) 448-5011
rena@eclipselawgroup.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL VICTOR HANCOCK, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> JIMMY LOVRIEN, an individual, DULUTH NEWS TRIBUNE, LLC, a Minnesota Limited Liability Company, and ROE CORPORATIONS I through X, inclusive. | CASE NO.    : <br> DEPT. NO.   : <br><br><br> **PLAINTIFF'S COMPLAINT** |

COMES NOW Plaintiff DANIEL VICTOR HANCOCK ("Plaintiff"), by and through his attorney of record, Rena McDonald Esq., of Eclipse Law Group, and hereby complains, avers, and alleges against JIMMY LOVRIEN ("Defendant") and DULUTH NEWS TRIBUNE, LLC ("Defendant") (collectively "Defendants") as follows:

**I.**

**JURISDICTION**

1. This matter belongs in federal court under diversity jurisdiction because none of the parties reside in the same state and the amount of damages is more than $75,000.00.

2. Venue is appropriate in this Court because Plaintiff is a resident of this jurisdiction and was harmed in this district.

## II.

## INTRADISTRICT ASSIGNMENT

3. Because this lawsuit arose in Clark County, it should be assigned to the Southern Division of this Court.

## III.

## PARTIES

4. At all times relevant herein, Plaintiff was a resident of the County of Clark, State of Nevada.

5. Plaintiff is informed and believes and thereupon alleges that, at all times relevant herein, Defendant DULUTH NEWS TRIBUNE ("Tribune"), a Minnesota Limited Liability Company, is a resident of Duluth, Minnesota.

6. Plaintiff is informed and believes and thereupon alleges that, at all times relevant herein, Defendant JIMMY LOVRIEN ("Lovrien"), an individual, is a resident of Duluth, Minnesota.

7. The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as Does 1 through 10 and Roe Entities I through X, inclusive, are unknown to Plaintiffs at this time, who therefore sues said Defendants by fictitious names and will ask leave of the Court to amend this Complaint to show the true names and capacities of said Defendants when the same has been ascertained. Said Defendants are sued as principals and/or agents, servants, attorneys, and employees of said principals, and all the acts performed by them were within the course and scope of their authority and employment. Plaintiffs are informed and believes and thereupon alleges that each of the said Defendants are legally responsible in some manner for the events and happenings referred to herein, and directly and proximately caused the damages and injuries to Plaintiffs as hereinafter alleged.

## IV.

## GENERAL FACTUAL ALLEGATIONS

8. On or about February 24, 2022, Defendants wrote and published a newspaper article (hereinafter referred to as the "Article") regarding the Plaintiff.

9. This article included false statements regarding the Plaintiff.

10. This article has damaged the Plaintiff's reputation.

11. This article has caused emotional distress.

12. This article has presented the Plaintiff in a false light.

13. This article has resulted in criticism, dishonor, and condemnation of the Plaintiff.

14. The Plaintiff has been financially harmed as a result of this article.

## V.

## FIRST CLAIM FOR RELIEF

## (Defamation As to all Defendants)

15. Plaintiff incorporates his allegations in the above paragraphs as if the same are fully set forth below.

16. Defendants made false statements regarding the Plaintiff.

17. These statements were published in the Article.

18. These statements were negligently made with little regard for the truth or potential harm to the Plaintiff.

19. The publication has caused damage to his reputation, caused emotional distress, have presented him in a false light, and have resulted in criticism, dishonor, and condemnation.

20. As a result of the Defendants' actions, Plaintiff has been damaged in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) as will be determined by proof introduced into evidence at the time of trial.

21. Plaintiff has been required to retain the services of an attorney to defend this action on its behalf and, as such, is entitled to an award of a reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION

### (Defamation Per Se - As to all Defendants)

22. Plaintiff incorporates his allegations in the above paragraphs as if the same are fully set forth below.

23. Defendants made several false and defamatory statements concerning Plaintiff by authoring, posting, and sharing the Article.

24. The Duluth News Tribune Article contained several false facts, including but not limited to: "Hancock, whose identity was first reported by the Duluth Monitor, did not respond to the News Tribune's request for comment, Jon Lee, who runs the Enigma Mastery Group, which connects budding entrepreneurs with "Mr. O's" mentorship, did not deny Hancock was Mr. O, in 1994, Hancock and two others were arrested and charged with 26 felony counts including racketeering, securities, fraud and conspiracy for taking more than $150,000 from victims who were lured in by the promise of hidden gold, the Las Vegas Review-Journal reported at the time.

25. The Article contains several defamatory and false facts, including but not limited to: "That's to avoid taxes, the Review-Journal reported, eventually, he even convinced her to borrow $27,000 against one of her homes and sell another home for $150,000, which he promised could be doubled if she invested it into his scheme, the Review-Journal said."

26. Defendants were negligent in making these statements.

27. Plaintiff's trade, business, and professions have been damaged as a result of the Defendants actions and their habitual defamation of the Plaintiff.

28. By reason of the forgoing facts, Plaintiff has been damaged in a sum excess of Seventy-Five Thousand Dollars ($75,000.00) as will be determined by proof introduced into evidence at the time of trial.

29. Plaintiff has been required to retain the services of an attorney to defend this action on his behalf and, as such, is entitled to an award of reasonable attorney's fees and costs.

## THIRD CAUSE OF ACTION

### (Invasion of Privacy: False Light - as to all Defendants)

30. Plaintiff incorporates his allegations in the above paragraphs as if the same are fully set forth below.

31. Defendants made several false statements concerning Plaintiff by authoring, posting, and sharing the Article.

32. The statements published by the Defendants placed Plaintiff before the public in a false light as the Defendants made several false statements that made it appear to the public that the Plaintiff is corrupt, deceptive, a criminal, unethical and a liar.

33. The false light under which Plaintiff was placed would be highly offensive to a reasonable person.

34. Defendants had knowledge that their statements were false and acted in reckless disregard as to the falsity of the publicized statements and the false light in which Plaintiff was placed.

35. Plaintiff has been injured and received mental distress from having been exposed to public view.

36. By reason of the forgoing facts, Plaintiff has been damaged in a sum excess of Seventy-Five Thousand Dollars ($75,000.00) as will be determined by proof introduced into evidence at the time of trial.

37. Plaintiff has been required to retain the services of an attorney to defend this action on his behalf and, as such, is entitled to an award of reasonable attorney's fees and costs.

## FOURTH CAUSE OF ACTION

**(Invasion of Privacy: Unreasonable Publicity Given to Private Facts - as to all Defendants)**

38. Plaintiff incorporates his allegations in the above paragraphs as if the same are fully set forth below.

39. Defendant JIMMY LOVRIEN authored the Article wherein he states that "The anonymous man claiming to be a billionaire working with the Two Harbors mayor on plans for an underwater hotel is a felon with a history of allegations of soliciting money for far-fetched ideas. Meet Daniel Victor Hancock, a 77-year-old Las Vegas man, who prefers people call him Mr. O, the reclusive billionaire willing to mentor you to success for just $10,000-$50,000."

40. Disclosure of these private negotiations would be offensive and objectionable to a reasonable person of ordinary sensibilities.

41. By reason of the forgoing facts, Plaintiff has been damaged in a sum excess of Seventy-Five Thousand Dollars ($75,000.00) as will be determined by proof introduced into evidence at the time of trial.

42. Plaintiff has been required to retain the services of an attorney to defend this action on his behalf and, as such, is entitled to an award of reasonable attorney's fees and costs.

## FIFTH CAUSE OF ACTION

**(Intentional Interference with Prospective Economic Advantage - as to all Defendants)**

43. Plaintiff incorporates his allegations in the above paragraphs as if the same are fully set forth below.

44. There are several prospective relationships that exist between Plaintiff and third parties.

45. Defendants were aware of Plaintiff's prospective contractual relationships.

46. Defendants specifically authored published and shared the Article attacking Plaintiff's credibility and suitability to act as a mentor.

47. Defendants knew their statements were false and after the Plaintiff offered to provide proof of the falsity of the statements, they continued to publish the false statements regardless.

48. Defendants had no purpose authorizing, posting, and sharing these Articles other than to harm Plaintiff by preventing his relationships with third parties.

49. Defendants had no privilege or justification to publish these false statements.

50. As a result of Defendant's actions, Plaintiff has been harmed.

51. By reason of the forgoing facts, Plaintiff has been damaged in a sum excess of Seventy-Five Thousand Dollars ($75,000.00) as will be determined by proof introduced into evidence at the time of trial.

52. Plaintiff has been required to retain the services of an attorney to defend this action on his behalf and, as such, is entitled to an award of reasonable attorney's fees and costs.

### SIXTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress-as to all Defendants)

53. Plaintiff incorporates his allegations in the above paragraphs as if the same are fully set forth below.

54. Defendants' conduct was extreme and outrageous with the intention of and reckless disregard for causing emotional distress to Plaintiff.

55. Defendants' actions were conducted with malice.

56. Plaintiff suffered severe and extreme emotional distress as the actual or proximate result of Defendants' conduct.

57. By reason of the forgoing facts, Plaintiff has been damaged in a sum excess of Seventy-Five Thousand Dollars ($75,000.00) as will be determined by proof introduced into evidence at the time of trial.

58. Plaintiff has been required to retain the services of an attorney to defend this action on his behalf and, as such, is entitled to an award of reasonable attorney's fees and costs.

## SEVENTH CAUSE OF ACTION

### (Negligence Per Se-as to all Defendants Violations of 28 U.S.C. §1346(b), §1402(b), §2401(b), and §§2671-2680

59. Plaintiff incorporates his allegations in the above paragraphs as if the same are fully set forth below.

60. Defendants violated 28 U.S.C. §1346(b), §1402(b), §2401(b), and §§2671-2680.

61. Defendants' violations of the statutes caused Plaintiff injuries.

62. Plaintiff belongs to a class of persons that the statutes were intended to protect.

63. Plaintiff's injuries were the type against which the statutes were intended to protect.

64. As a result of the Defendants' breaches of the statutes, Plaintiff has been damaged in a sum excess of Seventy-Five Thousand Dollars ($75,000.00) as will be determined by proof introduced into evidence at the time of trial.

65. Plaintiff has been required to retain the services of an attorney to defend this action on his behalf and, as such, is entitled to an award of reasonable attorney's fees and costs.

## EIGHTH CAUSE OF ACTION

**(Concert of Action-as to all Defendants)**

66. Plaintiff incorporates his allegations in the above paragraphs as if the same are fully set forth below.

67. Defendants acted together, in concert, to commit each and every one of the causes of action contained herein this Complaint.

68. As a result of the Defendants' actions, Plaintiff has been damaged in a sum excess of Seventy-Five Thousand Dollars ($75,000.00) as will be determined by proof introduced into evidence at the time of trial.

69. Plaintiff has been required to retain the services of an attorney to defend this action on his behalf and, as such, is entitled to an award of a reasonable attorney's fees and costs.

## NINTH CAUSE OF ACTION

**(Request for Exemplary and Punitive Damages pursuant to 15 U.S. Code § 6604)**

70. Plaintiff incorporates his allegations in the above paragraphs as if the same are fully set forth below.

71. It is proven by clear and convincing evidence that the Defendants are guilty of oppression, fraud, and/or malice.

72. The Plaintiff, in addition to the compensatory damages, is entitled to recover damages for the sake of example and by way of punishing the Defendants for three times the amount of compensatory damages awarded to the Plaintiff if the amount of compensatory damages is $100,000.00 or more; or $300,000.00 if the amount of compensatory damages awarded to the plaintiff is less than $100,000.00.

## VI.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues.

DATED this 22nd day of February 2024.

**ECLIPSE LAW GROUP**

/s/Rena McDonald
Rena McDonald, Esq.
Nevada Bar No. 8852
203 S. Water Street, Suite 300
Henderson, NV 89015
Telephone: (702) 448-4962
Facsimile: (702) 448-5011
rena@eclipselawgroup.com
*Attorney for Plaintiff*