RENA MCDONALD, ESQ.
Nevada Bar No. 8852
**ECLIPSE LAW GROUP**
203 S. Water Street, Suite 300
Henderson, NV 89015
Telephone: (702) 448-4962
Facsimile: (702) 448-5011
rena@eclipselawgroup.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL VICTOR HANCOCK, an individual, <br><br> Plaintiff, <br> vs. <br><br> JIMMY LOVRIEN, an individual, DULUTH NEWS TRIBUNE, LLC, a Minnesota Limited Liability Company, and ROE CORPORATIONS I through X, inclusive. | CASE NO.    : 2:24-cv-00369 <br><br> **EX PARTE MOTION TO ENLARGE THE TIME FOR SERVICE OF THE COMPLAINT AND SUMMONS PURSUANT TO NRCP 4** |

Plaintiff, DANIEL VICTOR HANCOCK, by and through his counsel of record, Rena McDonald, Esq., of the Eclipse Law Group hereby submits this Ex Parte Motion to Enlarge the Time for Service of the Complaint and Summons pursuant to NRCP 4(4). This motion is based on the Points and Authorities included herein.

**POINTS AND AUTHORITIES**

**I.**

**FACTS**

The case was filed on February 22, 2024. The initial 120 days in which to serve expired on May 22, 2024. Plaintiff filed an Amended Complaint on May 21, 2024, and the Summons was issued by the Court Clerk on May 23, 2024. Plaintiff failed to serve Defendants DULUTH NEWS

TRIBUNE and JIMMY LOVRIEN within 120 days because the address provided to the process server for these Defendants was vacant. There were sheets sealing the doors and windows. The process server was forced to perform a skip trace to find a new address.

Furthermore, the Plaintiff was made aware of additional stories published in a different newspaper. Plaintiff wished to amend the Complaint to include an additional Defendant.

At this time, the Plaintiff is hereby requesting that he be given until June 30th, 2024, to effect service upon the Defendants in this matter.

## II.

## ARGUMENT

Pursuant to NRCP 4(4), if service of the Summons and Complaint is not made within 120 days after the filing of the Complaint, then a motion to enlarge the time for service that shows good cause why such service was not made within that period must be filed. However, upon a showing of good cause, an extension of time may be granted for a Plaintiff to extend the time limit. *Domino v. Gaughan*, 103 Nev. 582. 747 P.2d 236 (1987). Here, Plaintiff has confirmed that there are no further Defendants to include at this time and wishes to move forward.

*Scrimer v. Dist. Ct.*, 116 Nev. 507, 998 P.2d 1190 (Nev., 2000), a number of considerations may govern a district court's analysis of good cause under NRCP 4(i), and we emphasize that no single consideration is controlling. Appropriate considerations include:[998 P.2d 1196] (1) difficulties in locating the defendant, (2) the defendant's efforts at evading service or concealment of improper service until after the 120-day period has lapsed, (3) the plaintiff's diligence in attempting to serve the defendant, (4) difficulties encountered by counsel, (5) the running of the applicable statute of limitations, (6) the parties' good faith attempts to settle the litigation during the 120-day period, (7) the lapse of time between the end of the 120-day period and the actual service of process on the defendant, (8) the prejudice to the defendant caused by the plaintiff's delay in serving process, (9) the defendant's knowledge of the existence of the lawsuit, and (10)

any extensions of time for service granted by the district court. Underlying these considerations is the policy behind Rule 4(i)—to encourage the diligent prosecution of complaints. Rule 4 was not adopted, however, to become an automatic sanction when a plaintiff fails to serve the complaint within 120 days of filing. When making a determination under NRCP 4, the district court should recognize that "good public policy dictates that cases be adjudicated on their merits." *Kahn v. Orme*, 108 Nev. 510, 516, 835 P.2d 790, 794 (1992) (citing *Hotel Last Frontier v. Frontier Prop.*, 79 Nev. 150, 155-56, 380 P.2d 293, 295 (1963).

**Service by Publication**

NRCP 4(e)(1)(I) provides, in relevant part:

> When the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself to avoid the service of summons, and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, and that he is a necessary or proper party to the action, such court or judge may grant an order that the service be made by publication of summons.

As mentioned above, Plaintiff has been unable to serve Defendants DULUTH NEWS TRIBUNE and JIMMY LOVRIEN because the address provided to the process server for those Defendants was vacant.

Plaintiff was only recently made aware of Defendant JOHN RAMOS and the defamatory articles he published. Again, the process server was forced to perform a skip trace on this Defendant as only a post office address could be located.

### III.
### CONCLUSION

Based on the foregoing, Plaintiff respectfully asks this Court to grant this Ex Parte Motion to Enlarge the Time for Service of the Summons and Complaint Pursuant to NRCP 4.

DATED this 24th day of May 2024.

**ECLIPSE LAW GROUP**

*/s/ Rena McDonald*
Rena McDonald, Esq.
Nevada Bar No. 8852
203 S. Water Street, Suite 300
Henderson, NV 89015
Telephone: (702) 448-4962
Facsimile: (702) 448-5011
Email: rena@eclipselawgroup.com
*Attorney for Plaintiff*