# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL VICTOR HANCOCK,<br><br>　　Plaintiff(s),<br><br>v.<br><br>JIMMY LOVRIEN, et al.,<br><br>　　Defendant(s). | Case No. 2:24-cv-00369-CDS-NJK<br><br>**Order**<br><br>[Docket No. 13] |

On February 22, 2024, Plaintiff's counsel Rena McDonald filed this lawsuit in this <u>federal</u> court. Docket No. 1. On June 3, 2024, the Court denied Attorney McDonald's motion to extend the service deadline because it inexplicably relied on state law, rather than the Federal Rules of Civil Procedure and the federal case law interpreting them. Docket No. 12. That motion to extend was denied "without prejudice." *Id.* at 1. On June 11, 2024, Attorney Rena filed a motion for reconsideration predicated on Rule 60(b) of the <u>Nevada</u> Rules of Civil Procedure and Nevada state court case law. Docket No. 13.

Plaintiff's motion for reconsideration is flawed.[1] First, the prior motion to extend was denied "without prejudice." Docket No. 12 at 1. The term "denied without prejudice" simply tells the movant to "try again." *E.g.*, *Ceja v. Scribner*, No. LA CV 07-00606-VBF-KES, 2016 WL 3996152, at *6 (C.D. Cal. Jan. 19, 2016) (explaining the meaning of "denied without prejudice" to *pro se* prisoner). Hence, seeking reconsideration is unnecessary; a renewed motion to extend the service deadline can simply be filed. Second, this motion is once again predicated on state legal authorities even though the Federal Rules "govern the procedure in all civil actions and proceedings in the United States district courts," subject to limited exception. Fed. R. Civ. P. 1.

---

[1] In light of the deficiencies identified herein, the Court need not opine on the substance of the arguments in the motion.

1

The motion provides no explanation why the relief currently sought would be governed by state law, as opposed to federal law.

For the reasons identified above, the motion for reconsideration is **DENIED** without prejudice to seeking relief in proper fashion. In addition to resolving the pending motion, the Court notes that Attorney McDonald appears to be unfamiliar with the practice and procedure of federal court, which is an untenable scenario:

> We recognize that many attorneys who appear in this court rarely practice in federal court at all . . . The fact that an attorney's federal practice is rare or infrequent, however, is no excuse for ignoring the rules of this court. Just as an attorney who always practices in state court is expected to know the rules of administration and operation particular to that court, we expect an attorney practicing law in federal court to become familiar with and follow rules applicable to practice in this court. It is incumbent upon an attorney practicing in [federal court] for the first time to secure and study the Federal Rules of [Civil] Procedure and the local rules of this [district] so that he or she will know what is expected by the court, the form in which a case is presented, and the consequences inherent in noncompliance. Such behavior is not only a mark of elementary professional competence, but is common sense to attorneys seeking to zealously represent the interests of their clients.

*Dela Rosa v. Scottsdale Mem. Health Sys., Inc.*, 136 F.3d 1241, 1244 (9th Cir. 1998). Attorney McDonald is **ORDERED** to familiarize herself with the Federal Rules of Civil Procedure and the local rules for this District. Failure to comply with those rules in the future may result in the imposition of sanctions and other significant repercussions. *See, e.g.*, Local Rule IA 11-8.

IT IS SO ORDERED.

Dated: June 12, 2024

_____
Nancy J. Koppe
United States Magistrate Judge