BRUNO WOLFENZON, ESQ.
Nevada Bar No. 6177
JONATHAN P. ROLLE, ESQ.
Nevada Bar No. 4367
MICHAEL KUSTRA, ESQ.
Nevada Bar No. 14899
**WOLFENZON ROLLE**
6725 Via Austi Parkway, Ste. 240
Las Vegas, Nevada 89119
Tel.: 702.836.3138
Fax: 702.836.3139
bruno@wolfenzon.com
jrolle@wolfenzon.com
mkustra@wolfenzon.com

JORDAN B. WEIR
ND Bar# 07852 (*pro hac vice* pending)
**VOGEL LAW FIRM**
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
701.237.6983
jweir@vogellaw.com

**ATTORNEYS FOR DEFENDANTS**
**DULUTH NEWS TRIBUNE AND JIMMY LOVRIEN**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL VICTOR HANCOCK, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JIMMY LOVRIEN, an individual, DULUTH NEWS TRIBUNE, LLC, a Minnesota Limited Liability Company, and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:24-cv-369-CDS-NJK<br><br>**NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that Defendants Jimmy Lovrien and Duluth News Tribune move to dismiss Plaintiff Daniel Victor Hancock's Complaint (Doc. 7) for lack of personal jurisdiction. Counsel for the Defendants expects to have fully complied with LR IA 11-2 within ten days. The Verified Petition is Pending with the Court and counsel is awaiting only the Certificates of Good Standing from the States of North Dakota and Minnesota. In so moving, Defendants reserve all other affirmative defenses, including insufficient service of process and lack of service of process. Duluth News Tribune has yet to be served with the Summons and Complaint.

This motion seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2), and is based on this notice of motion and motion, the following memorandum of points and authorities, the Declarations of Jimmy Lovrien and Neal Ronquist, all pleadings and papers on file in this action, such other evidence or arguments as may be presented to the Court, and such other matters of which this Court may take judicial notice.

*Signatures to follow:*

Dated this 20th day of June, 2024.

*/s/ Jorda B. Weir*
JORDAN B. WEIR
ND Bar# 07852 (*pro hac vice* pending)
**VOGEL LAW FIRM**
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
701.237.6983
jweir@vogellaw.com

BRUNO WOLFENZON, ESQ.
Nevada Bar No. 6177
JONATHAN P. ROLLE, ESQ.
Nevada Bar No. 4367
MICHAEL KUSTRA, ESQ.
Nevada Bar No. 14899
**WOLFENZON ROLLE**
6725 Via Austi Parkway, Ste. 240
Las Vegas, Nevada 89119
Tel.: 702.836.3138
Fax: 702.836.3139
bruno@wolfenzon.com
jrolle@wolfenzon.com
mkustra@wolfenzon.com

**ATTORNEYS FOR DEFENDANTS
DULUTH NEWS TRIBUNE AND JIMMY
LOVRIEN**

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

I.   INTRODUCTION.

Plaintiff Daniel Victor Hancock ("Hancock") cannot carry his burden of establishing this Court has personal jurisdiction over Defendants Duluth News Tribune ("Duluth News") and Jimmy Lovrien ("Lovrien"). Duluth News is a Minnesota company with its principal place of business in Duluth Minnesota. Lovrien is a Minnesota citizen and has no connection to Nevada. There is no justification for these defendants to be haled into a Nevada court.

## II. BACKGROUND.

Hancock, a Nevada resident, alleges he was injured due to a purportedly defamatory article written about him by Lovrien and published by Duluth News. Doc. 7 at 2-10. Hancock concedes in his Complaint that Lovrien was a resident of Duluth, Minnesota at all times relevant to the litigation. *Id.* at 2. Similarly, Hancock also admits Duluth News was a Minnesota limited liability company at all times relevant to his allegations. *Id.*

The affidavits of Lovrien and Neal Ronquist confirm that neither defendant has any connection to Nevada. Lovrien was a Minnesota resident working for a Minnesota company at all times relevant to this case. He wrote a story concerning a potential underwater hotel in the area. Likewise, Duluth News was organized as a Minnesota company with a principal place of business in Duluth, Minnesota during the period of time that the articles referenced in the complaint were published. Duluth News does no advertising or marketing in Nevada and focuses its distribution and marketing to Minnesota, adjacent states, and Canada.

## III. THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER LOVRIEN OR DULUTH NEWS.

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). "This is because a federal district court's authority to assert personal jurisdiction in most cases is linked to service of process on a defendant 'who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.'" *Id.* (quoting Fed. R. Civ. P. 4(k)(1)(A)); *see Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) ("Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the

4

district court sits") (citing Fed. R. Civ. P. 4(k)(1)(A)). Nevada, like many states, authorizes personal jurisdiction to the extent allowed by federal due process. Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002) (citing Nev.Rev.Stat. § 14.065 (2001). This can take the form of either general or specific personal jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). Importantly, when "a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger*, 374 F.3d at 800. Hancock cannot carry his burden and the Complaint should be dismissed.

    A.    **There Is No Basis for Exercising General Jurisdiction Over Lovrien or Duluth News.**

The Court does not have general jurisdiction over either defendant. For general jurisdiction to exist over a nonresident defendant like Lovrien or Duluth News, the party must have engaged in "substantial" or "continuous and systematic general business contacts," *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416 (1984). This is a high standard, and the contacts must be of such a nature that it approximates a physical presence in the forum. *See Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir. 1984). A finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world. *See Brand v. Menlove Dodge,* 796 F.2d 1070, 1073 (9th Cir. 1986) (collecting cases where general jurisdiction was denied despite defendants' contacts with forum). To determine if there is general jurisdiction, courts look to whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there. *See Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1478 (9th Cir. 1986).

Here, the Court cannot have general jurisdiction of Lovrien or Duluth News. Lovrien is a Minnesota citizen who works for a Minnesota newspaper. He has no continuous and systematic contacts with Nevada, and none have been alleged. Similarly, Duluth News is a Minnesota company with a principal place of business in Duluth, Minnesota. They do not market to or target Nevada with advertising in any way. There is no designated agent or any other legal representative of Duluth News in Nevada. Accordingly, there is no basis for exercising general jurisdiction over Lovrien or Duluth News.

**B.    There Is No Basis for Exercising Specific Jurisdiction Over Lovrien or Duluth News.**

The court does not have specific jurisdiction over either defendant. The specific jurisdiction inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984). The Ninth Circuit has established the following three-prong test for assessing specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. If the plaintiff fails to satisfy either of the first two prongs, the Court does not have personal jurisdiction over the defendant. *Id.*

    *1.    Duluth News and Lovrien have not directed their activities toward Nevada or availed themselves of the privileges of Nevada.*

The first prong of the "specific jurisdiction test refers to both purposeful direction and purposeful availment." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011). Availment and direction are "distinct concepts." *Schwarzenegger*, 374 F.3d at 802. "Availment" generally involves contract cases whereas "direction" is often appropriate for cases sounding in tort. *See id.*

Availment requires a defendant to purposefully take advantage of the privilege of doing business in the forum state. *Id.* Often times, this is execution or performance of a contract. *See Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001). In return for the protection and benefit of doing business within a state, a defendant must then submit to the "burdens of litigation" within said forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

Here, Lovrien and Duluth News did not execute a contract or perform a contract in Nevada as is often the case when a party avails itself of a forum state. Further, there has been no allegation that Lovrien or Duluth News took advantage of the privilege of doing business in Nevada. This is not surprising because nothing in the record suggests either defendant did any business in Nevada. As a result, a claim that either defendant purposefully availed themselves of the privileges of doing business in Nevada must fail.

Purposeful direction is evaluated using the "effects test" first announced by the Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984). *Schwarzenegger*, 374 F.3d at 803. The Ninth Circuit has stated the following with regard to the *Calder* test:

> *Calder* stands for the proposition that purposeful availment is satisfied even by a defendant whose only contact with the forum state is the purposeful direction of a foreign act having effect in the forum state. Under *Calder*, the effects test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.

*Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (cleaned up). "The mere fact that [defendants] can foresee that the [allegedly libelous] article will be circulated and have an effect in [the forum state] is not sufficient for an assertion of jurisdiction." *Calder*, 465 U.S. at 789.

The defendants each likely committed an intentional act, as the bar for this is quite low. Lovrien committed an intentional act when he researched and wrote the article in question and Duluth News committed an intentional act by publishing the article. *See e.g. Calder*, 465 U.S. at 789 (writing and publishing an allegedly defamatory article is an "intentional act" regardless of intent). This "act" however, must be expressly aimed at Nevada to withstand this motion to dismiss.

In *Schwarzenegger*, Fred Martin was alleged to have created a false advertisement in an Akron, Ohio newspaper using Arnold Schwarzenegger's likeness. 374 F.3d at 799-800. Schwarzenegger attempted to sue Martin in his home state of California because that is where he resided and was harmed. *Id.* The Ninth Circuit held found the Court lacked personal jurisdiction over Martin and stated:

> [i]t may be true that Fred Martin's intentional act eventually caused harm to Schwarzenegger in California, and Fred Martin may have known that Schwarzenegger lived in California. But this does not confer jurisdiction, for Fred Martin's express aim was local. We therefore conclude that the Advertisement was not expressly aimed at California.

*Id.* at 807. The current matter is remarkably similar. While there have been allegations of an intentional act and harm caused in Nevada, the article at issue was published in a local Minnesota newspaper and concerned a potential underwater hotel in rural Minnesota. Nothing about the intentional act of Lovrien or Duluth News was aimed at Nevada.

8

The Fourth Circuit has dealt with an analogous case. *See generally Young v. New Haven Advoc.*, 315 F.3d 256 (4th Cir. 2002). In *Young*, the warden of a prison in Virginia alleged he had been defamed as a racist by two Connecticut newspapers and their staff members through articles that discussed the State's policy of housing its prisoners at Virginia institutions. *Id.* at 258-59. The warden filed suit in Virginia, but the Court was found to lack personal jurisdiction over both of the newspapers and their staff. *Id.* at 264. The Court held that, despite limited distribution in Virginia, the articles were aimed at a Connecticut audience, and a Virginia audience was not targeted—making an exercise of personal jurisdiction improper. *Id.* at 264. The comparison between *Young* and the current matter is obvious. Duluth News published, and Lovrien wrote, an allegedly defamatory article about an out-of-state resident. Because this article was targeted at the local community, and certainly not Nevada, there can be no personal jurisdiction over the defendants in Nevada, and the Complaint should be dismissed.

### 2. *Hancock's claim is not one which arises out of or results from the defendants' forum-related activities.*

Incidental contact with a forum is insufficient to satisfy the second prong. *Pac. Atl. Trading Co. v. M/V Main Exp.*, 758 F.2d 1325, 1329 (9th Cir. 1985). To begin, the defendants have not engaged in forum-related activities. Taking the Complaint at face value, Plaintiff's accusations are of Minnesota-related activities.

*Cubbage v. Merchent*, 744 F.2d 665 (9th Cir. 1984) is illustrative of a situation where a claim against an out-of-state defendant can arise from forum-related activities. In *Cubbage*, a California patient brought a malpractice suit against an Arizona hospital and its doctors. The medical treatment occurred entirely in Arizona, but the Court held that there was jurisdiction over the defendants in California because the treatment, and therefore the claims, resulted from

9

1  the defendants' recruitment of business in California and their participation in California's
2  Medi–Cal program. *Id.* at 670. The opposite is true here. There have been no accusations that
3  either defendant recruited business or subscribers in Nevada in connection to the allegedly
4  defamatory article.

5  The activity of Defendants that is the subject of Plaintiff's Complaint is entirely based
6  in Minnesota, regarding Minnesota business, about Minnesota interests. In fact, it was
7  Plaintiff's purported connection to Minnesota business that made his identity of any interest to
8  the Minnesota-based news. The Defendants have no interest in Nevada and did not have any
9  activity related to Nevada. Because prong 2 is not satisfied, the Complaint should be dismissed

10            ***3.    The exercise of jurisdiction over the defendants would not comport***
11                 ***with fair play and substantial justice.***

12  Because Hancock cannot carry his burden on the first two prongs, it is not necessary
13  to consider the third. *Schwarzenegger*, 374 F.3d at 802 ("If the plaintiff fails to satisfy either
14  of [the first two] prongs, personal jurisdiction is not established in the forum state.").
15  Nevertheless, even if the Court found the first two prongs to be satisfied, the exercise of
16  jurisdiction would not comport with fair play and substantial justice.

17  "Once it has been decided that a defendant purposefully established minimum contacts
18  within the forum State, these contacts may be considered in light of other factors to determine
19  whether the assertion of personal jurisdiction would comport with 'fair play and substantial
20  justice.'" *Burger King Corp.*, 471 U.S. at 476-77. "In determining whether the exercise of
21  jurisdiction over a nonresident defendant comports with fair play and substantial justice, courts
22  must consider seven factors: (1) the extent of the defendants' purposeful interjection into the
23  forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent

of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993). No factor is dispositive, and the Court must balance all seven. *Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir.1991).

### a. The defendants did not purposefully inject themselves into Nevada.

Minimal contacts with a state weighs against finding purposeful interjection into a forum. *See Paccar Int'l, Inc. v. Com. Bank of Kuwait*, S.A.K., 757 F.2d 1058, 1065 (9th Cir. 1985). Here, any interjection into Nevada affairs was minimal because the allegedly defamatory news article was focused on a Minnesota hotel that a single Nevada resident was potentially assisting to finance.

### b. There is a burden on the defendants if forced to defend in Nevada.

Significant travel is considered burdensome for a defendant. *Id.* Being Minnesota residents, Lovrien and Duluth News would face significant hardship to defend themselves over 1,600 miles away from home. Not only would the travel be burdensome, but the cost of paying counsel to defend against this lawsuit halfway across the country is equally prejudicial.

### c. There is a conflict with the sovereignty of Minnesota.

The Supreme Court held that courts should "ensure that the States, through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). Nevada admittedly has an interest in providing a forum for their citizens to seek justice, but as noted in *World-Wide Volkswagen*, Minnesota is a coequal sovereign. By haling two Minnesota

residents to Nevada to litigate a purely local matter, Hancock has used Nevada to infringe on the sovereignty of Minnesota.

### d. Nevada's interest in adjudicating the dispute is minimal.

Nevada has an interest in torts allegedly committed within its borders (namely, preventing them). *See Freestream Aircraft (Bermuda) Ltd. v. Aero L. Grp.*, 905 F.3d 597, 608 (9th Cir. 2018); *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1288 (9th Cir. 1977). That said, if a tort was committed in this case, it happened in Minnesota. Namely, any defamatory conduct against Plaintiff would have been viewed by a Minnesota readership regarding Minnesota business. Any interest of Nevada (one individual who connected himself to Minnesota by his conduct) is far outweighed by Minnesota's interest in adjudicating torts that occur within its borders.

### e. The most efficient judicial resolution of this controversy is in Minnesota.

In evaluating judicial efficiency, courts "have looked primarily at where the witnesses and the evidence are likely to be located." *CoreVent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993). Here, judicial efficiency favors Minnesota as a forum opposed to Nevada because the witnesses and evidence are located there and the facts underlying the Complaint occurred in Minnesota.

### f. The importance of the forum to the plaintiff's interest is a minor consideration.

The Ninth Circuit has held that the plaintiff's convenience "is not of paramount importance." *See Dole Food Co., Inc.*, 303 F.3d at 1116. Obviously, Hancock would prefer Nevada as a forum because it is his home state. This should not, however, be afforded significant weight given the manner in which this factor has been interpreted by the Ninth

…

Circuit. Further, despite Nevada being a convenient forum for Hancock, Minnesota could adjudicate this matter and grant effective relief, if appropriate.

**g.  Minnesota is a sufficient alternative forum where this matter can be resolved.**

As noted previously, the facts underlying this case occurred in Minnesota, the defendants are citizens of Minnesota, and the only connection to Nevada is that the Plaintiff happens to live there. Not only would Minnesota be a sufficient alternative forum—it is where the case should have been brought in the first place. On balance, the seven-factor test strongly favors a finding that it is unreasonable to subject Lovrien and Duluth News to this lawsuit in Nevada.

## V.  CONCLUSION.

For the reasons above, Defendants Jimmy Lovrien and the Duluth News Tribune respectfully request the Court grant this motion and dismiss for lack of personal jurisdiction.

*Signatures to follow:*

The undersigned Counsel for Defendants have complied with LR IA 11-2. Their Verified Petition is Pending before the Court.

Dated this 20th day of June, 2024.

*/s/ Jordan B Weir*

JORDAN B. WEIR
ND Bar# 07852 (*pro hac vice* pending)
**VOGEL LAW FIRM**
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
701.237.6983
jweir@vogellaw.com

BRUNO WOLFENZON, ESQ.
Nevada Bar No. 6177
JONATHAN P. ROLLE, ESQ.
Nevada Bar No. 4367
MICHAEL KUSTRA, ESQ.
Nevada Bar No. 14899
**WOLFENZON ROLLE**
6725 Via Austi Parkway, Ste. 240
Las Vegas, Nevada 89119
Tel.: 702.836.3138
Fax: 702.836.3139
bruno@wolfenzon.com
jrolle@wolfenzon.com
mkustra@wolfenzon.com

**ATTORNEYS FOR DEFENDANTS DULUTH NEWS TRIBUNE AND JIMMY LOVRIEN**

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL VICTOR HANCOCK, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JIMMY LOVRIEN, an individual, DULUTH NEWS TRIBUNE, LLC, a Minnesota Limited Liability Company, and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:24-cv-369<br><br>**Affidavit of Jimmy Lovrien** |

STATE OF MINNESOTA )
) SS
COUNTY OF ST. LOUIS COUNTY )

Jimmy Lovrien, being duly sworn on oath deposes and states as follows:

1. I am an Environment Reporter for the Duluth News Tribune and make this affidavit on my personal knowledge, information and belief.

2. I have been employed by the Duluth News Tribune since 2017.

3. In my work as an Environment Reporter, I cover environment-related issues, including mining, energy and climate, for the Duluth News Tribune.

4. My work is generally focused on local issues.

5. I am a Minnesota resident and was a Minnesota resident at all times relevant to this lawsuit.

6. I have no personal or professional connections to Nevada.

1  7.   I wrote the article attached as Exhibit 1 to the Complaint in this lawsuit.

2  8.   This article discussed the Plaintiff, Daniel Victor Hancock due to his connection

3       to a potential underwater hotel to be located in Two Harbors, Minnesota.

4  9.   I believed this purported hotel to be a matter of local concern.

5  10.  I would never have anticipated that this story published by the Duluth News

6       Tribune would result in having to defend a lawsuit in Nevada.

**I declare under penalty of perjury that everything I have stated in this document is true and correct. Minn. Stat. § 358.116.**

Dated this 20th day of June, 2024.

_____

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL VICTOR HANCOCK, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JIMMY LOVRIEN, an individual, DULUTH NEWS TRIBUNE, LLC, a Minnesota Limited Liability Company, and ROE CORPORATIONS I through X, inclusive,<br><br>　　　　Defendants. | Case No. 2:24-cv-369<br><br>**Affidavit of Neal Ronquist** |

STATE OF MINNESOTA　　　　）
　　　　　　　　　　　　　　） SS
COUNTY OF ST. LOUIS COUNTY ）

Neal Ronquist, being duly sworn on oath deposes and states as follows:

1. I am a Group Publisher for the Duluth News Tribune and make this affidavit on my personal knowledge, information and belief.

2. I have been employed by the Duluth News Tribune since 2015.

3. The Duluth News Tribune is a Minnesota Limited Liability company with a principal place of business in Duluth, Minnesota.

4. The Duluth News Tribune is a newspaper based in Duluth, Minnesota.

5. While circulation of the Duluth News Tribune is heaviest in the Twin Ports metropolitan area, delivery extends into northeastern Minnesota, northwestern Wisconsin, and Michigan's Upper Peninsula.

1    6.   The paper also has a limited distribution in Thunder Bay, Ontario.

2    7.   The Duluth News Tribune has never targeted Nevada for distribution, engaged
3         in any advertising or marketing in Nevada, or solicited business in Nevada.

4    8.   The Duluth News Tribune does not have a registered agent in Nevada.

5    9.   I would never have anticipated that a story published by the Duluth News
6         Tribune would result in having to defend a lawsuit in Nevada.

**I declare under penalty of perjury that everything I have stated in this document is true and correct. Minn. Stat. § 358.116.**

Dated this 20th day of June, 2024.

*/s/ Neal Ranquist*

2

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of WOLFENZON ROLLE, and hereby certify that on this 20th day of June, 2024, **NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**, was filed and served via the United States District Court CM/ECF system on all parties or persons requiring notice.

RENA MCDONALD, ESQ.
Nevada Bar No. 8852
**ECLIPSE LAW GROUP**
203 S. Water Street, Suite 300
Henderson, Nevada 89015
Tel.: 702.448.4962
Fax: 702.448.5011
rena@eclipselawgroup.com

*Attorney for Plaintiff*,
DANIEL VICTOR HANCOCK

JORDAN B. WEIR, ESQ.
North Dakota Bar No. 07852
(*pro hac vice* pending)
**VOGEL LAW FIRM**
218 NP Avenue
P.O. Box 1389
Fargo, North Dakota
Tel.:701.237.6983
jweir@vogellaw.com

*Attorneys for Defendants*,
DULUTH NEWS TRIBUNE
and JIMMY LOVRIEN

                        /s/ Walter Monge
                        An employee of WOLFENZON ROLLE