UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Daniel Victor Hancock,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>Jimmy Lovrien, et al.,<br><br>　　　　　Defendants | Case No. 2:24-cv-00369-CDS-NJK<br><br>**Order Granting Defendants'<br>Motion to Dismiss**<br><br><br>[ECF No. 17] |

Plaintiff Daniel Hancock brings this lawsuit alleging nine causes of action against defendants Jimmy Lovrien, John Ramos, and the Duluth News Tribune, related to published newspaper articles. *See generally*, Am. Compl., ECF No. 7. Hancock asserts that the articles included false statements which damaged his reputation, caused emotional distress, and resulted in financial harm. *Id.* at 3. Defendants Duluth News Tribune and Jimmy Lovrien move to dismiss the complaint for lack of personal jurisdiction. *See generally* ECF No. 17. Hancock's opposition to the motion to dismiss was due on or before July 5, 2024.[1] As of the date of this order, no opposition has been filed. For the reasons set forth herein, defendants' motion to dismiss is granted.

**I.	Legal Standard**

Unlike a motion for summary judgment, a district court is not required to examine the merits of an unopposed motion to dismiss before granting it. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (the Ninth Circuit refused to extend to motions to dismiss the requirement that a district court examine the merits of an unopposed motion for summary judgment before summarily granting it pursuant to a local rule). Thus, a district court may properly grant an

---

[1] *See* ECF No. 17; *see also* Local Rule 7-2(b) (stating that the deadline to file and serve any points and authorities in response to the motion—other than summary judgment—is 14 days after service of the motion). That 14-day period is extended to the next business day if the filing deadline falls on a legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

1  unopposed motion to dismiss under a local rule. *Id.* at 53. Local Rule 7-2(d) provides that the

2  failure of an opposing party to file points and authorities constitutes that party's consent to the

3  granting of the motion. LR 7-2(d).

4          Before granting an unopposed motion to dismiss, the court must weigh the following

5  factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to

6  manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring

7  disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46

8  F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

9  **II.      Discussion**

10         The first two factors, the public's interest in expeditiously resolving this litigation and

11 the court's interest in managing its docket, weigh in favor of dismissing Hancock's claims

12 against Lovrien and Duluth News Tribune. Hancock has failed to respond to the motion to

13 dismiss, even though more than 14 days have passed since the July 5, 2024 deadline. Hancock's

14 non-compliance slows the expeditious resolution of this litigation by delaying the set briefing

15 schedule and interferes with the court's ability to manage its docket. *T.G. v. Bd. of Trustees*, 2022

16 U.S. Dist. LEXIS 133058, *5 (D. Mont. July 6, 2022) ("The Court cannot manage its docket if

17 Plaintiffs do not respond to motions. . . [t]his case [] cannot proceed if Plaintiffs fail to

18 participate."); *see also Yourish*, 191 F.3d 983, 990 (9th Cir. 1999) ("[D]ismissal . . . serves the public

19 interest in expeditious resolution of litigation as well as the court's need to manage its docket

20 because Plaintiffs' noncompliance has caused the action to come to a complete halt, thereby

21 allowing Plaintiffs to control the pace of the docket rather than the court.") (quoting *Ash v.*

22 *Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

23         The third factor also weighs in favor of dismissing Hancock's claims against Lovrien and

24 Duluth News Tribune. There is no apparent risk of prejudice to defendants by dismissing the

25 action at this time; indeed, defendants filed the instant motion to dismiss.

26

1    The fourth factor weighs against dismissing Hancock's claims against Lovrien and

2 Duluth News Tribune. That is because public policy favors disposing of cases on their merits.

3 *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("[T]he public policy favoring

4 resolution on the merits clearly counsels against dismissal.") (citation omitted); *Pagtalunan v.*

5 *Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the

6 merits. Thus, this factor weighs against dismissal."). However, this factor is not weighty here;

7 the Ninth Circuit has "recognized that this factor 'lends little support' to a party whose

8 responsibility it is to move a case toward disposition on the merits but whose conduct impedes

9 progress in that direction." *In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228

10 (9th Cir. 2006) (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). Here, Hancock did

11 not file a response opposing the motion, making resolution on the merits difficult, if not

12 impossible. *Cf. Johnson v. Top Inv. Prop. LLC*, 2018 U.S. Dist. LEXIS 140051, at *17–18 (E.D. Cal. Aug.

13 17, 2018) ("Although public policy generally favors the resolution of a case on its merits, as here,

14 a defendant's failure to appear and defend against a plaintiff's claims makes a decision on the

15 merits impossible.") (citation omitted). And "a case that is stalled or unreasonably delayed by a

16 party's failure to comply with deadlines . . . cannot move forward toward resolution on the

17 merits." *In re PPA*, 460 F.3d at 1228.

18    Last, with respect to whether less drastic measures have been considered, the court has

19 determined that dismissal without prejudice is proper here. *See Ash*, 739 F.2d at 496 (dismissal

20 without prejudice is considered a lesser sanction and therefore is a "more easily justified

21 sanction for failure to prosecute"); *see also Childers v. Arpaio*, 2009 WL 3756487 at *2 (D. Ariz.,

22 Nov. 5, 2009) (dismissal without prejudice imposed as a "less drastic sanction" compared to

23 dismissal with prejudice). By dismissing the claims against without prejudice, Hancock remains

24 free to continue to pursue his claims, if necessary and appropriate, in a subsequent proceeding.

25 Accordingly, because the fifth factor also weighs in favor of dismissal, I grant against Lovrien

26 and Duluth News Tribune's unopposed motion to dismiss.

III.     Conclusion

       IT IS THEREFORE ORDERED that defendants Jimmy Lovrien and Duluth News
Tribune's motion to dismiss **[ECF No. 17] is GRANTED**. The Clerk of Court is kindly
instructed to enter judgment accordingly.

       Dated: July 23, 2024

       _____
       Cristina D. Silva
       United States District Judge

4